IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 2:19CR00003-001 |
| ) | |
| v.                                                    ) | **OPINION** |
| ) | |
| **BILLY WAYNE PAGE,**                 ) | By:  James P. Jones |
| ) | United States District Judge |
| Defendant.                     ) | |

*S. Cagle Juhan, Assistant United States Attorney, Charlottesville, Virginia, for United States; Billy Wayne Page, Pro Se Defendant.*

The defendant has filed a pro se motion seeking to vacate his sentence under 28 U.S.C. § 2255. He argues that his counsel rendered ineffective assistance by failing to object to the imposition of his sentence which varied above the guidelines range. The United States has filed a motion to dismiss. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

I.

The defendant, Billy Wayne Page, pleaded guilty to possessing a firearm while being a convicted felon, in violation of 18 U.S.C. § 922(g). Police discovered a firearm underneath a bed at Page's residence when they arrived to investigate calls stating that prowlers were attempting to enter and shining flashlights inside the home. Page consented to the search that resulted in the discovery of the firearm.

After the government charged both with illegal possession of the weapon, Page eventually admitted that it was his, and he entered into a written Plea Agreement.

The Presentence Investigation Report ("PSR") calculated that Page had a Criminal History Category of III and a Total Offense Level of 12, which yielded a custody range of 15 to 21 months under the advisory sentencing guidelines. The total offense level reflected a two-level reduction for acceptance of responsibility and a two-level increase for obstruction of justice. Page's prior convictions for theft, violent assault, drug, and firearms charges were not used when calculating his Criminal History Category because those offenses occurred more than 15 years prior to the present offense. Page had been incarcerated during much of that period of time, since he had been sentenced by this court in 2004 for unlawful possession of a firearm to 120 months custody and had violated his post-custody supervision three times, receiving additional prison sentences each time. The PSR suggested that Page's underrepresented criminal history could warrant an upward departure, PSR ¶ 103, ECF No. 68, and it also noted that considering just punishment and adequate deterrence, among other factors, could warrant a variance above the guidelines range, *id.* at ¶ 104.

Consistent with the PSR's comments, the government filed a motion for an upward variance or departure. Mot., ECF No. 65. The government argued that a sentence above the guidelines range was necessary to comply with the § 3553(a)

factors considering the nature of the offense and Page's history of committing crimes and then lying to avoid responsibility. Specifically, the government argued a sentence closer to the 10-year statutory maximum for the § 922(g) violation was appropriate. Page's counsel submitted an opposition, arguing that I should consider as a mitigating factor that Page obtained the firearm to protect himself and Meade, and impose a sentence at the bottom of the guidelines range. Sent'g Mem. 2, ECF No. 69.

At the sentencing hearing, I found the PSR's guidelines calculations to be correct. Neither party objected. The parties then presented argument and testimony regarding the government's motion. The government focused on Page's history and characteristics, which it argued required a sentence above the guidelines range. Page's probation officer testified that Page was considered a "high-risk" person who had repeatedly violated the conditions of his supervised release and would routinely "use individuals to get things that he wants," and "manipulate [the probation] office . . . b[]y trying to talk his way out of things." Sent'g Tr. 5–6, ECF No. 77. With regard to this offense, Meade testified that Page instructed her to tell police that the gun was hers. After being arrested, the government asserted that Page threatened to murder Meade's lover, and coaxed a neighbor to adopt the false narrative that the neighbor gave Meade the gun. Page also attempted to offer the government false information to obtain cooperation credit for this offense. Based on this evidence the

government argued that a sentence above the guidelines range was sufficient but "not greater than necessary to further the 3553(a) factors," because Page's "characteristics, his offense conduct, and the way he's conducted himself since being arrested . . . indicates that he is someone that does not care to abide by the law." *Id*. at 34, 36.

Page and his counsel countered at the sentencing hearing that a custodial term above the guidelines range was unnecessary because it had been three years since Page's last supervised release violation, and this was simply a one-off crime to protect himself. However, Page also admitted that he had lied each time he had previously come before the court to answer for criminal charges.

I found that a sentence above the guidelines range for the § 922(g) violation was appropriate and necessary to meet the goals of the 3553(a) factors considering the serious nature of this crime and Page's history of unlawful behavior and dishonesty. I concluded that it was a "serious" crime for "Mr. Page to get a firearm with his history and under the circumstances." *Id*. at 44. I further found that the defendant's persistent criminal activity and lengthy prison sentences "indicates that it's very difficult for him to remain law abiding." *Id*. at 45. I took Page's arguments regarding his newfound law-abiding disposition and that he had only obtained this firearm for protection "with a grain of salt," because I found that Page's "credibility is seriously harmed by his past." *Id*. at 43, 44. He had recently violated his

supervised release three times in a four-year period. Also, his admission that he "lied about [this crime] in terms of trying to get people to come up with defenses for him; it wasn't his gun and so forth, all indicate to me that his history and characteristics justify a sentence above a guidelines range." *Id*. at 45. For those reasons, I varied above the guidelines range of 15-21 months for the § 922(g) violation and imposed a 60-month term of imprisonment.

Page argues that his attorney rendered ineffective assistance of counsel during sentencing for the § 922(g) violation by failing to object to three identifiable issues. Page asserts his counsel should have objected to my failure to specify whether I was granting an upward departure or upward variance. Page also argues his counsel was deficient for not objecting to the lack of notice that an upward variance was at issue. Finally, Page contends that the 60-month sentence that I imposed was greater than necessary to comply with the § 3553(a) factors. The government has moved to dismiss. The motion has been briefed and is ripe for decision.

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of

proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (citation omitted).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687.

### III.

A sentence must be procedurally and substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence is procedurally reasonable if a district judge committed no "procedural error, such as improperly calculating the Guidelines range." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). To meet the procedural reasonableness standard a court must also "conduct an 'individualized

assessment' of the facts and arguments presented and impose an appropriate sentence." *Id*. (citation omitted). It "must explain the sentence chosen, and "provide some indication [ ] that the court considered the § 3553(a) factors and applied them to the particular defendant, and also that it considered a defendant's nonfrivolous arguments for a lower sentence." *Id*. at 212–13 (citations omitted).

A variance is substantively reasonable if the sentencing court acted within its discretion "in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id*. at 212 (internal quotation marks and citation omitted). Indeed, "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors," and the reasonableness of sentences are reviewed under an abuse-of-discretion standard. *Id*. at 215 (citation omitted). "[T]hat a variance sentence deviates, even significantly, from the Guidelines range does not alone render it presumptively unreasonable." *Id*. (internal quotation marks and citation omitted). The substantive reasonableness of a variance turns on whether, after "giv[ing] due deference to the district court's decision . . . the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

Page argues that his attorney rendered deficient performance by failing to object and argues that his sentence was substantively unreasonable and without proper notice. But Page has not shown the sentence to be substantively unreasonable or that notice was required. He has not shown deficient performance.

A.

Page's counsel did not render deficient performance in failing to object and seek clarification on which type of deviation I was imposing, because I indicated at the sentencing hearing that I was imposing a variance. "[A] variance occurs where the sentencing judge imposes a sentence above or below the otherwise properly calculated final sentencing range based on application of the other statutory factors in 18 U.S.C. § 3553(a)," whereas "[a] departure is a change from the final sentencing range computed by examining the provisions of the Guidelines themselves." *United States v. Sullivan*, 756 F. App'x 272, 278 n.2 (4th Cir. 2018) (unpublished) (internal quotation marks and citation omitted). At the sentencing hearing, I stated that Page's "*history and characteristics* justify a sentence above a guideline range." Sent'g Tr. 45, ECF No. 77 (emphasis added). I also selected the box for "variance" rather than "departure" on the Judgment's Statement of Reasons, and indicated the reason being "[t]he history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)." ECF No. 76. Page has not shown how this was insufficient.

In any event, a sentencing judge need not specify or correctly categorize whether the deviation he granted was a variance or a departure. *See e.g., United States v. Spencer*, 848 F.3d 324, 328 (4th Cir. 2017) (upholding sentence mischaracterized as an upward departure where the sentencing judge's "reasoning

— resting on the § 3553(a) factors rather than a departure provision — supported a variance"). This argument lacks merit.

B.

Nor did the silence of Page's counsel on the issue of notice constitute deficient performance, because "when the sentencing court *varies* from the Guidelines range, the notice requirement does not apply." *United States v. Perez*, 528 F. App'x 319, 321 (4th Cir. 2013) (unpublished).

C.

Finally, Page has not shown that his attorney's failure to object to the substantive reasonableness of the sentence was deficient performance, because he has not shown that an objection was warranted at all. Indeed, Page has not met his burden to demonstrate that "the § 3553(a) factors, on a whole," did not "justify the extent of the variance." *Gall*, 552 U.S. at 51.

When imposing the upward variance, I explained why a sentence above the guidelines range was required to comply with factors 18 U.S.C. § 3553(a)(1), 2(A), and 2(B) in this case. I considered the "circumstances," and found that it was a "serious" offense "based on [Page's] history for him to obtain a firearm." Sent'g Tr. 44, ECF No. 77. I also stated that a sentence above the guidelines range was necessary to deter Page, because his "history full of crime" and untruthfulness "indicates that it's very difficult for him to remain law abiding." *Id*. at 45. Thus,

the failure of Page's counsel to object to the excessiveness of the variance was not deficient performance because the variance was properly supported by a discussion of the § 3553(a) factors and an individualized rationale. *Nance*, 957 F.3d at 215–16 (affirming 123-month variance because the district court's individualized assessment of defendant and conduct in light of 3553(a) factors did not make divergence unreasonable); *United States v. Rivera-Santana*, 668 F.3d 95, 106 (4th Cir. 2012) (affirming 90-month variance where district court gave "individualized assessment . . . in light of the § 3553(a) factors"); *United States v. Diosdado-Star*, 630 F.3d 359, 367 (4th Cir. 2011) (affirming sentence six years above advisory range where court adequately explained variance under § 3553(a) factors).

Without demonstrating that his attorney's alleged errors constituted deficient performance, Page has not carried his burden to show that he received ineffective assistance of counsel. *Strickland*, 466 U.S. at 687. Any reference to vague, unspecified allegations of ineffective assistance in the motion are waived. *Dyess*, 730 F.3d at 359.

### IV.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

DATED: December 14, 2020

/s/  JAMES P. JONES
United States District Judge